IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| DANIELLE M. PORVAZNIK | : | BANKRUPTCY NO.: 5-11-bk-00390-JJT |
| aka DANIELLE M. DeWIRE, | : | |
| | : | {**Nature of Proceeding**: Objections to |
| DEBTOR | : | Claim of Exemptions (Doc. #14)} |

# **OPINION**

Danielle Porvaznik filed a Chapter Seven bankruptcy claiming the federal exemptions. That exemption claim was met with objections from the Trustee, William Schwab, based on provisions of the bankruptcy statute that, he says, require the Debtor to utilize the Louisiana state exemptions. This is pivotal since Louisiana is an "opt-out" state requiring those domiciled there to select the Louisiana exemptions unlike Pennsylvania which allows its citizens to elect the federal exemptions. The Trustee's reasoning is as follows. He claims, and the Debtor agrees, that the Debtor did not reside in Pennsylvania for 730 days preceding the file date. This implicates the provisions of 11 U.S.C. § 522(b)(3)(A), which reads, as follows:

> **(3)** Property listed in this paragraph is–
> **(A)** subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's *domicile* has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;

11 U.S.C.A. § 522(b)(3)(A) (*Emphasis mine*)

A hearing on this matter was conducted on May 12, 2011. Testimony from the Debtor was that she resides at the Barnesville, Pennsylvania, address listed in her bankruptcy petition, which was the home of her parents. She testified she had always considered that her home

despite residing in Italy with her husband from 2005 to 2008. That location was necessitated by the military assignment of her husband, who was a member of the United States Air Force. In 2008, the Debtor and her husband returned to Barnesville for a short time until he was transferred to Barksdale, Louisiana, in 2008. The following year, he was transferred to Shreveport, Louisiana, where they remained until he was discharged in 2009. Unfortunately, the marriage floundered at that time, and the Debtor returned to Barnesville with her child.

The Debtor's testimony suggested that she always intended her permanent address would be in Pennsylvania. She made clear her stays in Europe and Louisiana were occasioned simply by the assignment of her military spouse. While acknowledging she purchased a car, secured loans, and paid taxes in Louisiana, these appear to be merely incidental to her residence in that state for 1½ years.

This controversy appears to have primarily arisen from the pleadings inasmuch as the Debtor, in her response to the Trustee's objection, interjected the statement that, "[t]he Debtor's *domicile* was actually in two states, Louisiana and Pennsylvania during said 730-day period." Doc. #15 at ¶ 3. *(Emphasis mine.)* This can be seen as a misstatement since, two paragraphs later, the Debtor emphatically denied having a domicile in Louisiana.

A person's domicile is said to be situate at that one place where an individual has a present intention of permanent or indefinite residence. *Hill v. City of Scranton*, 411 F.3d 118, 130 (3rd Cir.2005). "The domicile of a soldier or sailor in the military or naval service of his country generally remains unchanged, domicile being neither gained nor lost by being temporarily stationed in the line of duty at a particular place, even for a period of years, and even though he establishes his family where he is stationed." *Pentland v. C. I. R.*, 11 T.C. 116, 119

(Tax Court, 1948). This is consistent with the Restatement of the Conflict of Laws § 17 which states, "A person does not acquire a domicil of choice by his presence in a place under physical or legal compulsion." It should also be noted that "[o]nce acquired, a domicile continues until a new one is obtained." *Berger v. Berger*, 210 F.2d 403, 405 (3rd Cir.1954) *citing Desmare v. United States*, 1876, 93 U.S. 605, 610, 23 L.Ed 959. Admitted into evidence was the Debtor's 2008 tax return filed in Louisiana. Nevertheless, in *Berger*, it was said that paying one's tax in their state of residence is without significance to one's domicile since it was quite logical for one to assume that it should be paid in that person's state of residence. *Berger v. Berger,* 201 F.2d at 405. The Debtor introduced evidence that her driver's license issued from the Pennsylvania Department of Transportation was never changed.

In summary, I find that the Debtor did not change her domicile in the 730 days prior to her filing the bankruptcy petition and that domicile was in Pennsylvania.

An Order overruling the Trustee's objection to exemption will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

Date: August 10, 2011